James L. Martin, ISB No. 4226
Landon S. Brown, ISB No. 9023
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 200
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5217
Email: jmartin@hawleytroxell.com
lbrown@hawleytroxell.com

Michael D. Harbour (*pro hac vice pending*)
Jason G. Sheasby (*pro hac vice pending*)
Drew Henderson (*pro hac vice pending*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: 310.203.7527
Email: mharbour@irell.com
jsheasby@irell.com
dhenderson@irell.com

Attorneys for Defendant Netlist, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICRON TECHNOLOGY, INC., Delaware corporation; and MICRON SEMICONDUCTOR PRODUCTS, INC., an Idaho corporation,

Plaintiffs,

vs.

NETLIST, INC., a Delaware corporation,

Defendant.

Case No. 1:24-cv-001

NOTICE OF REMOVAL

**NOTICE OF REMOVAL**

Defendant Netlist, Inc. ("Netlist"), pursuant to 28 U.S.C. §§ 1331, 1338, and 1442 submits this Notice of Removal to remove the action commenced by Plaintiffs Micron Technology and Micron Semiconductor Products, Inc. (collectively, "Micron" or "Plaintiffs") in the District Court of the Fourth District Ada County, Idaho, namely *Micron Technology, Inc., Micron Semiconductor Products, Inc. v. Netlist, Inc.*, Case No. CV01-23-19920 (the "State Court Action") to the United States District Court of Idaho. In support of this Notice of Removal, Netlist states as follows:

1. On December 11, 2023, Micron filed the State Court Action in the District Court of the Fourth District of the State of Idaho, Ada County, styled *Micron Technology, Inc., Micron Semiconductor Products, Inc. v. Netlist, Inc.*, Case No. CV01-23-19920.

2. Netlist was served with a copy of the State Court Action Summons and Complaint on December 12, 2023. Netlist has not been served with any other process, pleadings, or orders in the State Court Action. A true and correct copy of the Summons and Complaint (with exhibits) served on Netlist in the State Court Action is attached as **Exhibits A** and **B** respectively.

3. Attached hereto as **Exhibit C** is a true and correct copy of the state court Civil Case Docket Sheet. Attached hereto as **Exhibit D** are the pro hac vice motions filed and orders entered in the state court case referenced in that docket.

4. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) in that third (30) days have not expired since December 12, 2023, the date on which Netlist was served with a copy of the Summons and Complaint.

5. All allegations in the State Court Action relate to a pending case between the parties in the United States District Court for the Western District of Texas, namely *Netlist, Inc. v. Micron Tech., Inc. et. al.*, Nos. 22-cv-134 and 22-cv-136 (W.D. Tex. Apr. 28. 2021) (hereinafter "W.D. Texas Action"), where Netlist sued Micron for infringement of U.S. Patent Nos. 8,301,833 ("the

’833 Patent”), 10,489,314 (“the ’314 Patent”), 9,824,035 (“the ’035 Patent”), and 10,268,608 (“the ’608 Patent”). **Exhibits E-F**. Specifically, in the State Court Action, Micron alleges that Netlist’s assertion of the ’833 Patent against Micron does not comply with Idaho Code § 48-1703.

6. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331 and 1338, which provide for removal of civil actions arising under laws of the United States, including claims for relief arising under any Act of Congress relating to patents. Removal is proper under 28 U.S.C. §§ 1331 and 1338 because Micron’s claim for relief necessarily requires resolution of a substantial question of federal patent law. 28 U.S.C. § 1338 (“No State Court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents.”).

7. This Notice of Removal is also filed pursuant to 28 U.S.C. § 1442 because Netlist’s title to the ’833 Patent rights is derived from a federal officer/agency, the Director of the United States Patent & Trademark Office (USPTO), and the State Court Action turns on the validity of the federal patent laws providing for what patent holders can do with their intellectual property.

8. Each ground of removal offers a sufficient basis for removal to the United States District Court of Idaho.

**Removal Pursuant to 28 U.S.C. §§ 1331 and 1338**

9. In accordance with 28 U.S.C. §§ 1331 and 1338, this case is removable to this Court on the ground that Micron’s claims in the State Court Action arise under federal law. *See Gunn v. Minton*, 568 U.S. 251, 257-58 (2013) (“A federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disruption [of] the federal-state balance approved by Congress.”); *see also Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 316 (2005) (Removal is proper if “it is plain that a controversy respecting the construction and effect of the [federal] laws is involved and is sufficiently real and substantial.”) (citing *Hopkins v. Walker*, 244 U.S. 486, 489 (1917)). The removal of claims pled as state law claims is proper when they “necessarily raise a stated federal issue, actually disputed

and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. 308, at 314.

10. On its face, Micron's Complaint in the State Court Action raises issues of federal patent law that are actually disputed and substantial under *Gunn*/*Grable*. Micron's bad faith assertion claim in the State Court Action hinges entirely on the W.D. Texas Action, requiring Micron to prove non-infringement and invalidity of the '833 Patent. *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1140 n.3, (Fed. Cir. 2018) ("[T]o prevail on its tortious interference claim [based on alleged bad faith enforcement of patent], Maxchief would have to prove that Wok engaged in 'unfounded litigation,' *see Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 n.5 (Tenn. 2002), which in turn would ***require Maxchief to prove non-infringement or invalidity of Wok's patents***."). The exhibits Micron attached to the Complaint in the State Court Action include Netlist's federal patent infringement complaint in the W.D. Texas Action, as well as prior art references that Micron contends render the '833 Patent invalid. Exhibit A, at ¶¶ 22, 27 (referencing the pleadings from the W.D. Texas Action, attached as Exhibits 3 and 4 to State Court Action Complaint). Micron's purported right to relief depends on its insistence that "Netlist baselessly asserted infringement of the '833 Patent." *Id*. at ¶35. Federal patent law is therefore central to the parties' dispute.

11. The disputed patent issues underlying Micron's bad faith patent assertion claim are ongoing, as the W.D. Texas Action remains stayed pending IPRs, *Netlist, Inc. v. Micron Tech., Inc. et. al.*, Nos. 22-cv-134 and 22-cv-136, Dkt. 68 (W.D. Tex. Apr. 28. 2021), and substantial, just as "'similar state law claims premised on allegedly false statements about patents raised a substantial question of federal patent law,' thus conferring jurisdiction under § 1338." *Maxchief.*, 909 F.3d 1134, 1140 n.3, (Fed. Cir. 2018) (citing *Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc.*, 715 F.3d 1329, 1334 (Fed. Cir. 2013)). Micron's complaint indicates the action arises under federal law because Micron's purported right to relief originating from the Idaho statute

necessarily depends on resolution of a substantial question of federal patent law, and the action satisfies the test for "arising under jurisdiction" recited in *Gunn*, 568 U.S. 251, 257-58.

**Removal Pursuant to 28 U.S.C. § 1442(a)(2)**

12. This Court also has jurisdiction over this action under 28 U.S.C. § 1442(a)(2), which authorizes removal of a state-court action "against or directed to" (1) "[a] property holder" (2) "whose title is derived from any officer" of the United States or any agency thereof, (3) "where such action or prosecution affects the validity of any law of the United States." Each requirement applies here.

13. The Complaint was commenced in Idaho State Court, and is directed at Netlist, the holder of the exclusive license to the '833 Patent, a property right granted by the Director of U.S. Patent & Trademark Office. *Abbott Labs. v. Diamedix Corp.*, 47 F.3d 1128, 1130 (Fed. Cir. 1995) ("The [Patent Act] . . . defines 'patentee' to include the party to whom the patent was issued and the successors in title to the patent"); *Consol. Fruit-Jar Co. v. Wright*, 94 U.S. 92, 96 (1876) ("A patent for an invention is as much property as a patent for land.").

14. Under Section 1442(a)(2), the validity of a federal law is affective where the object of the law stands to be frustrated by the action. *See Town of David v. W. Virginia Power & Transmission Co.*, 647 F. Supp. 2d 622, 627 (N.D.W.Va. 2007) (holding Section 1442(a)(2) removal proper where the object of federal regulations "stands to be frustrated by this action"); *see also Bithorn v. Rosello-Gonzalez*, Civil No. 01-2053 (DRD), 2002 WL 35633563, at *8-9 (D.P.R. Mar. 18, 2002) (holding Section 1442(a)(2) removal proper where defense is based on property rights depending on federal law), *report and recommendation adopted sub nom. Benitez-Bithorn v. Rossello-Gonzalez*, 200 F. Supp. 2d 26 (D.P.R. 2002). This action would affect the validity of various United States laws, including those granting patent rights, for example, 35 U.S.C. §§ 151, 271, 281, 282, and 287, by seeking to restrain Netlist from enforcing rights to which it is entitled to under the Patent Act.

**COMPLIANCE WITH REMOVAL PROCEDURES**

15. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based.

16. Removal to the United States District Court for the District of Idaho is appropriate because it is the "district court of the United States for the district and division within which the action is pending." 28 U.S.C. § 1446(a).

17. Netlist is the only Defendant that has been served in this action and it may therefore remove the action without the consent of any other party.

18. Netlist is serving written notice of the filing of this Notice of Removal upon Micron and will cause a copy of this Notice to be filed with the Court Clerk of the District Court of the Fourth District, Ada Country, in accordance with 28 U.S.C. § 1446(d).

19. All documents to be attached to a notice of removal pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 are attached as Exhibits A-C.

20. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant removes to this Court the above-referenced State Court Action now pending in the District Court of the Fourth District, Ada County, Idaho.

DATED THIS 2nd day of January, 2024.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By *I/s/ James L. Martin*
James L. Martin, ISB No. 4226
Attorneys for Defendant Netlist, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January, 2024, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Teague I. Donahey
*tidonahey@hollandhart.com*

Christopher C. McCurdy
*ccmccurdy@hollandhart.com*

*/s/ James L. Martin*
James L. Martin